IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WELLS FARGO INSURANCE SERVICES )<br>OF MINNESOTA, INC.          )<br>                              )<br>       Plaintiff,            )<br>                              )<br>   v.                         )<br>                              )<br>KATHY MOCK,                   )<br>QUALITY FIRST INSURANCE, LLC, and )<br>COLLABORATIVE INDUSTRIES, INC., )<br>                              )<br>       Defendants.           ) | 8:09CV50<br><br>AMENDED ORDER<br>SETTING FINAL SCHEDULE<br>FOR PROGRESSION OF CASE |

This matter comes before the court on the plaintiff's Motion to Strike Counterclaims of Defendant Kathy Mock Pursuant to Fed. R. Civ. P. 12(f) (Filing No. 103), the defendant Kathy Mock's Motion for Leave to Amend Answer to Plaintiff's First Amended Complaint and Counterclaim (Filing No. 110), and the parties' request for a scheduling conference. The court held a telephone conference with counsel on February 5, 2010. Representing the plaintiff were Steven E. Rau and Jeffrey S. Storms. Representing the defendants Kathy Mock and Quality First Insurance, LLC, was Patrick M. Flood. Representing the defendant Collaborative Industries, Inc. was Robert S. Lannin.

After review of the briefing and the arguments of the parties, the court denies the plaintiff's motion to strike and grants the defendant Mock's motion to amend answer. The court reprogresses this case as set forth below:

**IT IS ORDERED:**

1.   The plaintiff's Motion to Strike Counterclaims of Defendant Kathy Mock Pursuant to Fed. R. Civ. P. 12(f) (Filing No. 103) is denied.

2.   The defendant Kathy Mock's Motion for Leave to Amend Answer to Plaintiff's First Amended Complaint and Counterclaim (Filing No. 110) is granted. The defendant Kathy Mock shall file her Amended Answer and Counterclaim **on or before February 11, 2010**.

**IT IS FURTHER ORDERED:** The provisions of the court's earlier, initial progression order remain in effect, and in addition to those provisions, the following shall apply:

1. Any written requests for discovery shall be served **on or before February 22, 2010**. Responses to such requests shall be served **on or before March 5, 2010**.

2. Discovery shall close on **March 5, 2010**.

3. Any motions for summary judgment based on the amended pleadings shall be filed **on or before March 10, 2010**. **See** NECivR 56.1 and 7.0.1.

4. **Pretrial Disclosures.**[1] Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

   **a.** **Witnesses - On or before March 15, 2010**: The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

   **b.** **Deposition Testimony and Discovery -** The designation of discovery testimony and discovery responses intended to be utilized at trial is not required for this case. Motions to require such designations may be filed not later than fifteen days prior to the deposition deadline.

   **c.** **Trial Exhibits - On or before May 5, 2010:** A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

   **d.** **Waiver of Objections**: Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, including any objection pursuant to

---

[1] In accordance with the E-Government Act, counsel shall, on witness lists, exhibits, and other disclosures and/or documents filed with the court, redact social security numbers, home addresses, phone numbers, and other personally identifying information of witnesses, but shall serve an unredacted version on opposing parties. **See** NECivR 5.0.3.

Fed. R. Civ. P. 32(a) that a deponent is available to testify at the trial, shall be made a part of the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the court for good cause shown.

5.   Any motions *in limine* shall be filed on or before **May 10, 2010**.

6.   **The Final Pretrial Conference** with the undersigned magistrate judge is set for **May 17, 2010, at 3:00 p.m.** in chambers, Suite 2271, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[2] By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter. The pretrial conference will include a **discussion of settlement**, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference. <u>Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences</u>.

7.   **Trial** is set to commence, at the court's call, during the week of **June 15, 2010**, in Omaha, Nebraska, before the Honorable Laurie Smith Camp and a jury. Unless otherwise ordered, jury selection shall be at the commencement of trial.

8.   Defendant Mock's calculations with regard to pay issues shall be served on or before July 19, 2010.

Dated this 5th day of February, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

[2] All personal information should be redacted from the public version of the order and/or attachments filed with the clerk. **See** NECivR 5.0.3.